IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN HOLCOMB, # K-52197, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 13-cv-1006-MJR |
| | ) |
| UNKNOWN PARTY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff is currently incarcerated at Vienna Correctional Center ("Vienna"), where he is serving sentences of two years and one year for two theft convictions. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff used the Court's form civil rights complaint to bring his action. However, the form is so sparsely completed that it is insufficient to state a viable claim. To begin with, Plaintiff failed to name any Defendant in this action, either in the caption or elsewhere in the complaint (Doc. 1, pp. 1-2, 5). Nor does he list himself as the Plaintiff in the document's caption. In the "Grievance Procedure" section of the form, Plaintiff states, "I wrote complaining about exposure to asbestos," and the result was, "They wrote back state of emergency" (Doc. 1, p. 4). He does not identify the prison official who received or responded to his complaint. For his statement of claim, Plaintiff says only: "I'm confined in a [sic] unclean and unsafe institution, exposed, diseases and germs, asbestos" (Doc. 1, p. 5). These quoted passages represent the sum total of Plaintiff's allegations in the complaint.

As relief, Plaintiff asks only for "restoration of good time" (Doc. 1, p. 6). He did

sign and date the complaint.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. Because of the dearth of factual allegations and the failure to identify any responsible person as a Defendant, this action is subject to summary dismissal for failure to state a claim upon which relief may be granted.

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff's statement that the prison where he is incarcerated is "unclean and unsafe" is an example of a conclusory legal statement that is insufficient to state a viable claim. The rest of Plaintiff's allegations are too sketchy to amount to any viable constitutional claim.

For instance, exposure to diseases and germs is a fact of life. It will only raise civil rights concerns if prison officials exhibit deliberate indifference to a known risk of serious harm to an inmate's health. *See Rhodes v. Chapman,* 452 U.S. 337, 346-47 (1981); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff's complaint is devoid of any factual allegations that would suggest deliberate indifference on the part of any prison employee. Asbestos exposure may present a serious health risk, but again, Plaintiff makes no allegations indicating that the response to his complaint about asbestos violated his constitutional rights.

In order to proceed with a civil rights action, a Plaintiff must name a specific person (*e.g.*, an individual correctional officer to whom Plaintiff complained about the conditions) whom he asserts is responsible for the alleged violations of his constitutional rights. This is necessary in order to state an actionable claim, as well as to give a defendant adequate notice of the claims against him so that he may respond to the complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); FED. R. CIV. P. 8(a)(2).

Because of these omissions, Plaintiff's complaint shall be dismissed for failure to state a claim upon which relief may be granted. However, rather than dismiss the entire action, the Court shall allow Plaintiff one opportunity to submit an amended complaint in order to correct the deficiencies in his pleading, as detailed below. In preparing the amended complaint, Plaintiff is advised to name as Defendant(s) only the prison employees who were directly, personally responsible for the alleged constitutional violation(s). *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 2) shall be held in abeyance pending the receipt of Plaintiff's amended complaint.

Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2), and has submitted an affidavit stating that he has no employment, has received no income for the last twelve months, and has no assets or cash on hand. However, Plaintiff has failed to provide the necessary prisoner trust fund account information as required by the Prison Litigation Reform Act ("PLRA") to determine the amount of Plaintiff's initial partial payment pursuant to 28 U.S.C. § 1915(b)(1). Under § 1915(b)(1), the Court must review the prisoner trust fund account statement for the six month period immediately preceding the filing of this action in order to calculate Plaintiff's payment.

**IT IS THEREFORE ORDERED** that Plaintiff **SHALL SUBMIT** to the Clerk of Court the enclosed certification completed by the Trust Fund Officer at the facility and a copy of his trust fund account statement (or institutional equivalent) for the period from 3/27/2013 through 9/27/2013, no later than **November 25, 2013**. Failure to do so will result in dismissal of this action for failure to comply with an Order of this Court. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

The Clerk is **DIRECTED** to mail a copy of this Order and the certification form to the Trust Fund Officer at Vienna Correctional Center.

Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee. At such time as the Court receives the certified copy of Plaintiff's trust fund account statement as ordered, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward this payment to the Clerk of Court. The order

shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full.  To conclude, Plaintiff's motion to proceed IFP in this case (Doc. 3) is **GRANTED**.

**Disposition**

        **IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

        **IT IS FURTHER ORDERED** that in order to proceed with this action, Plaintiff **SHALL** submit his First Amended Complaint within 35 days of the entry of this order (on or before **November 25, 2013**).  The amended complaint shall identify the individual Defendant(s) responsible for the alleged unconstitutional conditions.

        An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint may result in the dismissal of this action with prejudice.

        No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

        In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

        Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 21, 2013**

                  s/ *Michael J. Reagan*
                  **MICHAEL J. REAGAN**
                  **UNITED STATES DISTRICT JUDGE**