IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN HOLCOMB, # K-52197,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| vs.    ) | Case No. 13-cv-1006-MJR |
| ) | |
| ILLINOIS DEPARTMENT of    ) | |
| CORRECTIONS, and RANDY DAVIS,    ) | |
| ) | |
| Defendants.    ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court for review of Plaintiff's First Amended Complaint (Doc. 8), filed in response to the Court's Order dated October 21, 2013 (Doc. 7). Plaintiff is confined at Vienna Correctional Center ("Vienna").

The original complaint was dismissed because it contained virtually no factual allegations regarding the conditions of confinement which Plaintiff apparently sought to challenge. Furthermore, Plaintiff failed to identify any responsible Defendant by name. In addition to directing Plaintiff to file an amended complaint, he was ordered in Doc. 7 to submit his inmate trust fund account statement covering the six months prior to the filing of this action. Plaintiff failed to comply with that portion of the order.

The amended complaint identifies two Defendants: The Illinois Department of Corrections ("IDOC") and Vienna Warden Randy Davis. For his statement of claim, Plaintiff begins with a legal citation to *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), which

explains the meaning of the term "imminent danger" under 28 U.S.C. § 1915(g).[1] He then continues:

> Plaintiff's claim regarding the conditions of this confinement Abestos [sic] is and do suggest the possibility of imminent danger[.] However the risk of exposure to Abestos is a on going [sic] risk of serious physical injury regarding the conditions of my confinement.

(Doc. 8, p. 5). The above is the sum total of Plaintiff's statement of his claim. He then indicates that he is seeking monetary relief and "better living conditions" in Vienna's Building 19. *Id*.

In the "Grievance Procedure" portion of the form complaint, Plaintiff states that he directed a written complaint to the warden (Defendant Davis) (Doc. 1, p. 4). He attaches a copy of a grievance dated September 9, 2013 (Doc. 8-1, pp. 3-4), in which he mentions asbestos. Plaintiff's written summary in this grievance is identical to his statement of claim quoted above, and contains no other facts. In response to the grievance, Plaintiff received an "outdated" form (dated January 5, 2012), stating the living conditions in Building 19 "were being improved" (Doc. 1, p. 4). Plaintiff also attaches this memorandum (Doc. 8-1, p. 1). In it, Defendant Davis outlines several improvements to that housing unit, some of which had already been made, and others which would be made as time and funds would allow. The memorandum does not specifically mention asbestos, but states, "There are currently no hazardous conditions in Building 19 according to inspections and outside reviewers." *Id*.

**<u>Merits Review of the First Amended Complaint (Doc. 8) Pursuant to 28 U.S.C. § 1915A</u>**

Section 1915A directs the Court to review a complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. After fully considering the allegations in Plaintiff's

---

[1] Section 1915(g) is the "three strikes" provision of the Prisoner Litigation Reform Act. Court records do not indicate that Plaintiff has filed any previous federal lawsuit, let alone incurred any "strikes" before bringing this action; therefore, this provision has no bearing on the merits of the instant case.

amended pleading, the Court concludes that this action is subject to summary dismissal.

The only potentially detrimental condition Plaintiff references in the amended complaint is "asbestos." However, he utterly fails to include any factual allegations to indicate that he may have actually been exposed to this hazardous material in his housing unit – such as whether he saw asbestos anywhere in Building 19. He mentions nothing that might contradict Defendant Davis' statement that Plaintiff's housing unit was inspected and reviewed by outsiders, and found to be free of "hazardous conditions."

A complaint that does not contain sufficient factual allegations to state a constitutional claim for relief that is "plausible on its face" is subject to dismissal under § 1915A. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "conclusory legal statements" such as those that make up Plaintiff's statement of claim with reference to asbestos, are inadequate to state a claim upon which relief may be granted. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Court is aware that, as Plaintiff notes, asbestos exposure is a health hazard. However, Plaintiff never says when, where, how, or even if he encountered any asbestos in his building. Without such a factual allegation, Plaintiff fails to state a claim.

Even if Plaintiff had alleged facts suggesting that he might have been exposed to asbestos, his complaint still would not state an Eighth Amendment claim for unconstitutional conditions of confinement unless it also indicated that the responsible prison official(s) had exhibited deliberate indifference to a known risk of serious harm to Plaintiff's health. *See Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Instead of suggesting deliberate indifference on the part of Defendant Davis, the January 5, 2012, memorandum shows that Defendant Davis was aware of inmates' complaints about

conditions in Building 19, and had taken steps to correct several problems.  It also indicates that Defendant Davis had obtained an inspection of the building to determine whether any hazardous conditions were present.  Taken together with the absence of factual allegations in the complaint, this documentation points to a conclusion that Defendant Davis took reasonable measures to mitigate problems with the conditions in Building 19.  Accordingly, Plaintiff fails to state a claim against him for deliberate indifference to his conditions of confinement.

Plaintiff makes no allegations of wrongdoing whatsoever against Defendant IDOC, thus he states no claim against this entity.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Moreover, a state government agency cannot be sued for damages in a civil rights action.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

Plaintiff has had two opportunities to submit a viable civil rights complaint, but both his original pleading and the First Amended Complaint have failed to state a constitutional claim upon which relief may be granted.  This action shall thus be dismissed with prejudice.

**Pending Motion**

Because this action shall be dismissed, Plaintiff's motion for recruitment of counsel (Doc. 2) is **DENIED AS MOOT.**

**Filing Fee**

In the order at Doc. 7, this Court granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"), and ordered him to submit his six-month prisoner trust fund account to enable the Clerk to calculate the amount of Plaintiff's initial partial payment pursuant to 28 U.S.C. § 1915(b)(1).  A copy of this order was also sent to the Trust Fund Officer at Vienna.  However, the trust fund statement was never submitted to the Court.  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable regardless of the dismissal of this case.  *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch,* 133 F.3d 464, 467-68 (7th Cir. 1998).

**IT IS THEREFORE ORDERED** that the agency having custody of the Plaintiff **SHALL** remit the $350.00 filing fee from his prison trust fund account if such funds are available.  If he does not have $350.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher.  Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account (including all deposits to the inmate account from any source) until the $350.00 filing fee is paid in full.  The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $350.00 fee is paid.  Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at Vienna Correctional Center upon entry of this Order.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.  Defendants **ILLINOIS DEPARTMENT of CORRECTIONS** and **DAVIS** are **DISMISSED** from this action with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

**IT IS SO ORDERED.**

**DATED: February 4, 2014**

s/ MICHAEL J. REAGAN
United States District Judge